May I please the Court? My name is Mary Geddes and I'm representing Cindy Galvan. Cindy Galvan hopes to litigate in federal district court. The question of whether her attorney's performance in state court was objectively reasonable or whether it fell below the minimal level of confidence in her attorney's ability to do so is a very important question. Help me on the Peterson issue or the exhaustion issue. I take Peterson as my starting point because we went en banc and if any prior decision, any pre-Peterson decision could be read as inconsistent, then it's overruled to the extent it's inconsistent since Peterson's an en banc. So I look at Peterson and then I look at the record and I want you to show me where Galvan or Galvan told the Alaska Supreme Court that she had a federal ineffective assistance claim that she was pursuing. Tell me the excerpt page to look at. Yes, sir. This is what we've got. In her post-conviction, her appeal of, her appeal from the denial of her post-conviction relief application. Just tell me where to look in the excerpts. Excerpts of record 44 and specifically the page, excuse me. Wait, that's the memorandum opinion and judgment of the court of appeals. I want to know where she said to the Alaska Supreme Court, I'm making a claim that my federal constitutional right to the effective assistance of counsel was not honored. There are two citations that are relevant, only two. Tell me where to look. One is actually in the brief before the court of appeals. Do you want to see that? That doesn't help under Peterson. Then the only, the only thing I can refer you to is the petition for hearing and the only, there is no specific reference to any federal law or case except for the reference to Strader v. Garrison. Let's see, that was that Fourth Circuit case? I'm sorry? That was the Fourth Circuit case? The Fourth Circuit case, that's correct. It looked to me like what she was doing there was just using it to bolster her argument that her Alaska right wasn't honored. And that made sense to me, because generally the Alaska courts are more protective of defense rights than the Federal courts. Well, that certainly was the reputation of the court in the 70s, and I don't know if it remains there. My years. If it remains the reputation of the court or not, Your Honor. But basically what we've got here, if the court doesn't believe that citation to the Federal Constitution in the court of appeals brief is sufficient to federalize her claim, then this case presents the question that was reserved in the final Peterson v. Lampert decision, which is whether or not citation of an identical State law claim is sufficient to present a Federal claim. Well, is it identical? And Peterson left open whether citing to a State law claim of IAC could present the Federal question if the standards were the same. That's correct. But it wasn't. It is. It can do that. It's just that we don't decide that. That's correct. So should we send this case back to the district court and let the district court have the fun of deciding that issue in the first place? Do you think that's all that's left of this case? Well, I think that's all. That's all I have to argue. But this court could also make the decision. As the State pointed out, obviously this court could exercise its authority. But in front of the district court, I think what can be developed extensively is how the derivation of the standards in Alaska law, how they have been derived strictly from Federal law. Here's my problem. I look at what she wrote to the State Supreme Court. What she wrote, yes. Which is what has to fairly raise the Federal claim. She says, A criminal defendant is entitled to the effective assistance of counsel in deciding whether to enter a no-contest plea. She cites an Alaska case. To be effective, counsel must give the defendant information that enables her to make an informed decision. She cites an Alaska case. At some point, and then she goes on to the various wrong things that a lawyer can do. And the next two footnotes, Alaska cases. And then it goes into the details of the facts. And then it says what was incompetently done. And it cites an Alaska case. And if I read this as though I were sitting on the Alaska Supreme Court, instead of the Ninth Circuit Court of Appeals, I'd say, hmm, I need to decide based on these Alaska cases whether there was ineffective assistance. It just wouldn't occur to me, if I were a State Supreme Court justice, to go through Ninth Circuit cases or other Federal law. And that's my problem. Well, of course, this Petition for Hearing is entire. I would characterize it as bare bones. It doesn't even cite to the constitutional, the Alaska State Constitutional Section, Article I, Section 11, I think it is. And what it does is, as you, I think you know Judge Kleinfeld so well, is it depends upon, perhaps wrongly in this context, but it depends upon the court being advised of all arguments made before the Court of Appeals and the Court of Appeals' decision, because it's always, it all goes up together. It all goes up to the Alaska Supreme Court. They don't just look at the Petition for Hearing. They review the Court of Appeals' record when determining whether or not to grant a petition. So. Kennedy. One of the things that struck me about this case, and perhaps you could address it, is the fact that there is apparently a substantive difference in the law of Alaska which focuses, I guess it's termed inadequate assistance versus the federal of ineffective, and that there is actually a lower burden of proof under the Alaska standard. And here's my question. If I'm a good state appellate lawyer and I am trying to maximize my client's chance for relief on an inadequate assistance of counsel claim, why would I urge the Alaska court to look at the federal ineffective assistance standard, which is a tougher burden to meet? Why wouldn't I want to focus solely upon the Alaska standard, which, as I understand the law, is lower? Well, Judge Tallman, I think you might be remembering that the language used in the Peterson v. Lampert case which discussed Oregon law, in that case they referenced the Oregon standard, which is inadequate. We use the same term, ineffective assistance of counsel. Exactly. Okay. Without regard to the difference in terminology, am I correct that there is a different standard for establishing ineffective assistance? The only difference is with respect to the second prong, which is prejudice. Under Alaska law, we look to a reasonable doubt as to the contribution of the error to the outcome of the case. And under Federal law, as you well know, under Strickland, it's reasonable probability. But in this case, what we're seeking is a review through habeas corpus, the mechanism of habeas corpus, a review of whether, in fact, the performance was competent. Where in the ---- I'm not sure. Maybe I didn't articulate my question very well. If assuming that the standard is more favorable to the petitioner on the second prong under Alaska law, why wouldn't a smart tactical approach be to assert the Alaska argument before the Alaska courts and not pursue the Federal argument? In other words, why can't I look at this and say, I know what was going on here. I can put myself in the shoes of the Alaska appellate lawyer. You're asking whether, doesn't this reflect a strategic choice? Absolutely. And certainly, I mean, what good counsel does is argue both Federal and State law. Not necessarily. Not necessarily. Except in those cases where there's some disadvantage. I mean, we saw that in the Peterson case. In the Peterson case, the court really could track the strategic choice to argue only the State law. You don't want to argue a weak claim and a strong claim because the judge may be so impressed by the weakness of your weak claim that he overlooks the strength of your strong claim. Well, that certainly is the problem with 50 points on appeal, as we used to see in the State court of appeals. Exactly. Yeah. But in this case, I don't think that there's been any, any, anything but the attention of the Alaska Supreme Court to both Federal and State bases for effective assistance. Alaska doesn't have that long a legislative history. And the derivation of our, our State constitutional basis for effective assistance of counsel is linked directly to Federal case law. So you would not agree with my observation that if you don't make it under the Alaska substantive law of ineffective assistance, then you're never going to make it under the Federal standard? Not with respect to the first prong. No, no. I'm talking to the State. You've got to look at both, one and two. Well, except, except that what's being complained of here is that the State courts have made an error in determining whether or not what she did was incompetent. You're saying the first prong of State and Federal. Okay. The first prong of State and Federal are the same. Yes. The second prong is a little bit more liberal to the defendant. Yes. The State law. The State law is liberal. Now we're looking at that determination as to whether or not, for example, her failure to tell a defendant that the judiciary, that the court had the ability within the context of sentencing to restrict parole eligibility. Yeah, I understand that. Let me, let me ask you about something a little different from that. I understood that. When we first started talking about where her Federal claim was raised, you directed my attention to the State court of appeals decision. And I said, no, let's go to the petition for review of the Supreme Court. I want to see what the Supreme Court got from her that raised the Federal claim. And you cited that. You showed me the citation of the Fourth Circuit case. But then you went on an argument and you said the Supreme Court also read the court of appeals decision, so they knew what was in there. Now, tell me where in the court of appeals decision it makes it clear that she's raising a Federal claim and not just a State claim. No, I'm sorry. I might have misspoken. The briefing at the court of appeals is where, is the only place where she has specifically identified the Federal, both Federal and State constitutions guaranteeing effective assistance of counsel. If I remember Peterson right, it's possible I don't, but I was on the panel on that. My recollection was that the same thing happened there. Peterson raised the Federal claim in the briefing to the intermediate appellate Supreme Court, but didn't raise the Federal claim in the briefing to the State Supreme Court. And we said, sorry, you didn't exhaust. You didn't fairly raise the Federal claim before the State's highest court. Can I recollect right? Well, there were two things going on. There were two things going on at Peterson. One, of course, was the fact that the courts did not find the provisions with respect to effective assistance of counsel to be identical. They were distinguishable and they were not identical. And, of course, here we're in a different posture. With, but. Do you contend that the Alaska standard is functionally identical? Yes. With respect to the issue of competent representation. There's a difference. The issue that was left open in Peterson, where it says we need not decide whether after Duncan, a functionally identical State law claim is sufficient to protect a Federal claim. I think the provision of that issue needn't be decided here either, because the State law claim is not functionally identical. Well, I guess there's two things. Whether or not there, we're talking about the right to counsel. I would say that we have an identical and, you know, functionally identical State law guarantee of a right to effective assistance. What we don't have that's identical, Judge Gould, is we don't have the second prong, which goes to basically the litigation of ineffective assistance of counsel claims. You know, that second prong is really dealt with by the Alaska decisions. What they say is that Collins gave Galvan erroneous advice. They seem to, I can't remember for sure, but I think they assume that erroneous advice amounts to meeting the ineffective assistance standard, whether her advice was so poor as to be ineffective assistance. I don't know if I'd go for that, but let's assume it. But then they say there's no prejudice, because what was wrong was she told her client the wrong standard for withdrawing a plea. She told her manifest injustice instead of fair and just reason or something like that. So where she lost in State court wasn't on whether there was ineffective assistance. It was whether Galvan was prejudiced by it. And we know that State law is more liberal to the defendant on prejudice than Federal law is. So it seems like she had a perfectly good reason to rely on State law. There's no reason to assume that anybody's talking about Federal law where she wouldn't even be able to get to first base, in some cases, that would win under State law. And, geez, she doesn't say she's talking about Federal law. Well, actually, there were a couple of different ways in which they identified the incompetent performance of counsel. One had to do with the giving of misadvice. I mean, completely erroneous information as to the applicable standard for judging a defendant's attempt to withdraw a plea. That's the section that you just read. Then there's another section that says that her failure to inform, that the whole issue of a defendant being advised as to no parole eligibility being within the judge's discretion, they found that that was not, that that would not amount to, you know, to incompetent representation. You know, I really think the Federal courts would perceive that differently. I think they'd have to come to a different decision. At least I hope that they would. Kennedy, I don't see why. Judge Carpinetti's decision, according to the record, was unusual in taking that action. And a lawyer would not have anticipated based on the general run of sentencings before this one, this prime criminal lawyer. Judge Carpinetti was the original judge. Former Judge Janke was the PCR judge. I was talking about Judge Carpinetti. Isn't he the one that sentenced her to the unusually large sentence? He was the one that sentenced her. He was the one on the original case. That's correct. He just thought it was too many murders, too brutal, putting salt in the wounds and throwing the naked woman out and all that stuff. I don't remember that specific. I remember it. It was kind of memorable. Feet the woman's head in with brass knuckles, chopped her all up and put salt in her wounds and threw her naked body outside. Well, I certainly agree that the facts of the case in many ways would have been memorable with respect to what he was doing as to why he made that decision in this particular case. I don't remember that specifically in the context of the record here. But I do know that that particular determination, which is whether or not failure to advise a defendant of the judicial ability to restrict parole eligibility, the State courts found that that did not rise to the level of incompetent representation, and that's certainly one of the issues that she would like an opportunity to present in Federal court. Thank you very much. Thank you. May it please the Court. My name is Ken Rosenstein. I represent the Respondent in this case. I'd like to first report that the Alaska courts still are pretty protective of defendants' rights. So, Judge Kleinfeld, your recollection of the 70s, not much has changed. The Court had some questions about Peterson and how the proceedings in that case in the Oregon Court of Appeals affected the exhaustion issue when, by the time that it came to Habeas Court. And there's a procedural difference between Oregon's rules of court and Alaska's rules. The parties are allowed to incorporate their Oregon Court of Appeals briefs as their briefing before the Oregon Supreme Court in the petition for review to the Oregon Supreme Court. So that's how, in Peterson, the discussion of the legal issues before the Oregon Court of Appeals bore on the issue of exhaustion before the Alaska Supreme Court and the Oregon Supreme Court. And I'd also like to clarify. I'm sorry. I missed the last point. But under Alaska, you rebrief the case? The procedure in Alaska is that you file a party who seeks discretionary review by the Alaska Supreme Court has to file a petition for hearing, which sets forth the reasons they seek review and the reasons why review is warranted. There is no opportunity to incorporate, by reference, briefs that have been filed earlier in the Alaska Court of Appeals. But if review is granted, don't the briefs filed before the intermediate court of appeals go up as part of the record to the Alaska Supreme Court? You know, I'm not certain about that. I imagine they are part of the record because under the appellate rules, I know that the entire trial court record, by rule, is part of the record on appeal. And just by extension, I would assume that the court of appeals briefing similarly would go to the Supreme Court if the petition is accepted or granted. As I recall, when I used to – well, I guess the court of appeals didn't exist when I did criminal defense. But as I recall it, the reason that the State Supreme Court used to get the whole clerk's record on appeal is that I would always put that in my designation of record. As I recall, they got whatever the designation of record said. And the designations would typically say the clerk's record plus whatever transcripts the defendant wanted to pay for. Has that changed? Yes. No longer do they use designations of record. Now the entire trial court record is the record on appeal so that it eliminates the need for, you know, specific designations. And what is now used in the appellate course, the parties must create, much as they do in this court, an excerpt of record that includes the pertinent – the documents that are pertinent to the appellate issues. Are the standards for IAC under Federal and Alaska law, are they functionally identical? No, they're not, Your Honor. In Rischer v. State, which is not cited by Ms. Galvin in her petition for hearing, the Alaska Supreme Court took the standard, the Federal standard of competence from two circuit court decisions. I believe it's Beasley, and I can't remember the circuit, or I don't have the citation, and I can't remember the other case. But they adopted the standard that was eventually adopted by the U.S. Supreme Court in Strickland. Those – that standard, the performance standard, is substantially identical. But the Alaska Supreme Court departed substantially from the – in the prejudice prong of the standard and adopted a standard akin to reasonable doubt, whereas the U.S. Supreme Court, when it decided Strickland several years later, adopted a reasonable probability standard. And if there's any doubt that the Alaska Supreme Court was creating its own rule under the Alaska Constitution when they decided Rischer, that doubt is resolved if you look at the language that they used in so doing. They declared that they were promulgating a two-prong test. Now, if they're promulgating a test, that to me implies that this is not – they're not adopting a Federal standard. They are promulgating a new test which, by implication, can only be done under the Alaska State Constitution. Thank you. In what ways did the attempts to present the Federal issue not satisfy the standards of the Peterson and Bank case? Well, when Ms. Galvin, in her petition for hearing, cited – did not cite the Federal Constitution, did not cite any Federal case save for Strater, which I think it sounds like the Court may accept that the context in which that case was cited was as a factual example. Why don't you help us on that one? What would you do about that Fourth Circuit case? I think it is purely cited for its facts that the failure to properly advise a defendant of parole eligibility amounts to ineffective assistance. That's insufficient to alert – I mean, you have to read the statement in context. You know, it cites Strater and that when a – I'm reading from the petition. When a defendant is grossly misadvised as to parole eligibility and is prejudiced by reliance on this incorrect advice, plea withdrawal is the appropriate remedy. It's purely a factual example. There's no signal there other than a citation to the F-Second that she is asserting a Federal claim. This Court's decision in Lyon requires her to characterize her claim as a Federal claim. Nowhere in her petition for hearing does she do that. I think I distracted you from Judge Gould's question. I was about to return to that. Addressing your question, Judge Gould, Ms. Galvin cited no provision of the Federal Constitution. She cited no Federal case that analyzes the right to counsel under the Federal Constitution. And finally, she cited no State case that analyzes the right to counsel under the Federal Constitution. And that's what Peterson requires. If you're going to rely on a State case, it requires that that State case have discussed the Federal question. And the cases that she, that Ms. Galvin cites in her petition don't do that. The closest she comes is in the Arnold case, which simply refers to Rischer, which, as I say, when you read Rischer, it's clear that the Alaska Supreme Court was adopting a standard for ineffective assistance under the State Constitution. And the court of appeals in later cases, in Arnold itself, the court of appeals writes, Alaska has developed a two-pronged test based on Federal law. That doesn't characterize this claim as Federal in nature. So it seems, it seems remote that the Alaska Supreme Court, in reading Ms. Galvin's petition, would read this and say, and think, she is also asserting a Federal claim here. And it shouldn't be too much to ask of a habeas petitioner to have done something to characterize her claim as a Federal claim when she is before the State court. Kennedy. So I assume I know the answer to this question, but do you then agree with the observation that I was making that in this case, because of the difference in the second prong, it would have made a difference from a tactical standpoint as to whether or not she wanted to assert a Federal IAC claim? Well, tactically, certainly. Absolutely. Because as I think everybody agrees, that the standard, the prejudice standard in Alaska is significantly less demanding. How do you respond to Ms. Geddes' answer that, well, that would be fine if we were looking at the second prong, but it's the first prong where I guess it's now Judge Collins erred as the defense lawyer in not telling her client that the sentencing court could restrict parole eligibility? A claim of ineffective assistance of counsel encompasses two prongs. You don't get by on one. You have to satisfy both. And as Judge Kleinfeld pointed out in discussing Ms. Galvin's, the court of appeals decision in Ms. Galvin's PCR case, that she did not satisfy the prejudice prong as to two of her claims. And I don't think, for habeas purposes, you shouldn't be able to separate them. I mean, it's, it's, she has to, she can't say, well, I'm presenting, I'm presenting, you know, the first prong, the performance prong under, under Federal and State law, but I'm only, I'm only presenting the, the prejudice standard prong under, under State law. I mean, that, that, that, it's, it's a unitary standard that has two aspects, and you can't separate them, or you shouldn't be able to separate them. My time is up. I would ask that you affirm the district court. Thank you, counsel. Thank you both. That was very helpful. Galvin v. Alaska Department of Corrections is submitted. We are adjourned until 930 tomorrow morning. All rise. The court for the second stand is adjourned. Thank you. Thank you.
judges: Kleinfeld, Gould, Tallman